ORLANDO W. NORCROSS *vs.* HORACE WYMAN.

Worcester.    October 6, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Building contracts. *Architect. Arbitrament and Award.*

A provision in a building contract, that the decision of the architect as to the interpretation of the specifications and on all questions relating thereto shall be final and binding upon the owner and the contractor, is valid, and when a decision thereunder has been made by the architect it is binding on the parties.

A contract under seal for the construction of a building contained the following provision: " The architects shall be the sole interpreters of their drawings and these specifications, and except as otherwise provided or specified, their decision upon all questions relative to drawings, specifications or contract for the said building shall be final and binding upon the owner and the contractor." By the contract, which included the specifications and plans, the contractor was required to provide a suitable foundation for the building. He encountered a quicksand which required more work than had been anticipated. The architects decided that the expense of the work made necessary by the quicksand was extra work not included in the contract price. After this decision had been communicated to the contractor, the owner was notified and refused to be bound by it. *Held*, that under the agreement of the parties the decision of the architects was final, and that for the purposes of their decision they were free to adopt such legal principles as they honestly believed to be applicable and to act on such evidence as they chose to receive, and whether the contract by its true construction required the plaintiff to excavate the quicksand was immaterial. *Held, also*, that, regarding the refusal of the owner to accept the architects' decision as an attempt to revoke the power conferred on the architects by the contract, the power having been conferred by an instrument under seal could not have been revoked by parol, and that an attempted revocation under seal by the

owner would have come too late after the decision of the architects had been communicated to the contractor, even if the owner had had a right, which he had not, to rescind the contract containing the provision conferring the power.

APPEAL from a judgment ordered in the Superior Court by *Hardy*, J. upon the report of an arbitrator to whom the parties had submitted their differences by an agreement of submission under R. L. c. 194, dated April 15, 1902.

The order of the judge was as follows: that "the award be accepted excepting the part thereof awarding to the plaintiff the sum of $1,301.52 being the item for extra foundations as set forth in the second claim in the account annexed to the agreement of reference. That portion of the award is rejected. Judgment is to be entered on the award in accordance with the above direction."

Judgment was entered accordingly; and the plaintiff appealed.

*F. F. Dresser*, (*T. H. Gage, Jr.* with him,) for the plaintiff.

*C. M. Thayer*, (*C. A. Hamilton* with him,) for the defendant.

BRALEY, J. Under the contract, which included the specifications and plans, the plaintiff was required to provide a suitable foundation for the building to be erected, but the nature of the soil to be excavated was such that more work ultimately was required for this purpose than he originally anticipated.

It is his contention that this work is not covered by the contract, and that he is entitled to extra compensation for its performance.

By the specifications it was provided that "The architects shall be the sole interpreters of their drawings and these specifications, and except as otherwise provided or specified, their decision upon all questions relative to drawings, specifications or contract for the said building shall be final and binding upon the owner and the contractor."

While putting in the foundation the plaintiff discovered a quicksand, and asked the architects, subject to whose supervision the work was being done, for instructions.

Upon the evidence before him, the arbitrator found as a fact that the architects decided that the clause in the specifications relating to the excavation required was not inserted with the intent that the expense of the work made necessary by the quicksand should be borne by the plaintiff, as this circumstance

was unforeseen by him or them, and that the extra work so caused was not included within the terms of the contract.

If the architects were clothed with authority to make this decision it is conclusive between the parties.

The clause which defined their powers and duties was contained in a contract under seal, voluntarily entered into by the parties, and provided a simple and convenient method for the settlement of any questions that, as the work proceeded, might arise over the interpretation of the contract, or of the drawings and specifications. Or, in other words, whenever it became necessary, whether for the information of the plaintiff, who had stipulated to work under their direction, or for the benefit of the defendant in securing a strict compliance with the terms of the contract, it was left to the architects finally to determine what their drawings and specifications covered as to the quantity and quality of the work that was required to be done by the plaintiff.

In the practical working of this plan of supervision and adjustment of differences the cumbersome formalities of a notice to or a hearing of the parties before making a decision evidently were not contemplated, as such a requirement is not found in any provision of the contract. Neither was it required by the character of the undertaking. For the purposes of their decision they were free to adopt such legal principles as they honestly believed applicable, and to act on such evidence as they chose to receive. *Boston Water Power Co.* v. *Gray*, 6 Met. 131, 169. *Flint* v. *Gibson*, 106 Mass. 391, 395.

Although the defendant when notified declined to be bound by their decision, this action was taken after it had been communicated to the plaintiff, and, if it is treated as an attempt formally to revoke the power previously given, it came too late, and, if it had been in time, the power having been conferred by an instrument under seal could not have been revoked by parol. *Wallis* v. *Carpenter*, 13 Allen, 19, 24.

Besides, an attempted rescission by the defendant even if under seal and before the power had been exercised, could not have effected a revocation of the authority of the architects, for this was conferred by one part of an agreement which as a whole the defendant was not entitled to rescind. *Haley* v. *Bellamy*, 137 Mass. 357, 359.

It does not become important to decide how far an agreement for the arbitrament of the construction of a written contract, or of the quantity and value of work to be performed under it, effectually could be pleaded in bar to an action on the contract itself, or enforced by a bill in equity for specific performance. *Miles* v. *Schmidt,* 168 Mass. 339, 340. Not only had the decision been made, but the question decided, if not treated as technically submitted to them as arbitrators, was one which the parties could leave to the determination of the architects. *Palmer* v. *Clark,* 106 Mass. 373. *Robbins* v. *Clark,* 129 Mass. 145. *McMahon* v. *New York & Erie Railroad,* 20 N. Y. 463, 465. *Omaha* v. *Hammond,* 94 U. S. 98. See *White* v. *Middlesex Railroad,* 135 Mass. 216, 220, and cases cited. Compare *Smith* v. *Boston, Concord & Montreal Railroad,* 36 N. H. 458, 489, 490.

The arbitrator, therefore, correctly ruled that the architects were authorized to act on the question submitted to them, and their decision thereon was binding on the defendant.

As the award well can rest on this ground, it becomes of no consequence to consider whether the contract, fairly construed, required the plaintiff to excavate through the quicksand, although on this question the arbitrator ruled in his favor. See *Stuart* v. *Cambridge,* 125 Mass. 102.

> *Award of the arbitrator accepted for the full amount; and judgment ordered thereon for the plaintiff.*