GIER v. DAIBER.

1. CONTRACTS — BUILDING CONTRACTS — PERFORMANCE — ACCEPTANCE—TAKING POSSESSION.
     The act of the landowner in taking possession of buildings, erected on his land under contract with a builder, after the builder has left the premises, cannot be construed as an unequivocal acceptance of performance, but is to be considered. with all the other circumstances in determining the question of waiver of the condition precedent to acceptance.

2. MECHANICS' LIENS—RIGHT TO LIEN—PERFORMANCE.
     Where buildings are erected under a contract requiring them to be constructed to the satisfaction of the owner, who is

given power to reject materials and workmanship not in
conformity with the specifications, the contractor, after
remedying defects pointed out, and requesting that others
be pointed out, which is not done, is entitled to maintain
his suit to enforce his lien, though it develops that there are
minor defects in material and workmanship, the existence
of which does not indicate any purpose to defraud, which
might have been overlooked, and which might have been
remedied, if attention had been directed to them.

3. SAME—DEFECTIVE MATERIALS AND WORKMANSHIP.

On a bill to enforce a mechanics' lien, evidence examined, and
*held*, that though the shingles put upon the roofs were of
poor quality, they were of the quality specified, and though
the contract did not permit poor workmanship, and the roofs
were unsatisfactory, the shingles were as well laid as shingles
of that quality could be, and that complainant was not
barred of his remedy because he refused to replace the roofs.

4. SAME—CLAIMS FOR EXTRAS.

Where a building contract provides against claims for extras
unless agreed upon in writing, the contractor cannot enforce a
lien for extras supplied upon a verbal demand by the owner as a
matter of right, coupled with an order to supply them or
abandon the work.

5. SAME—ALLOWANCE FOR DEFECTIVE WORK.

On a bill to enforce a mechanics' lien, evidence examined, and
*held*, to support a claim by the owner for allowances for de-
fective work.

Cross-appeals from Wayne; Mandell, J. Submitted
January 23, 1907. (Docket No. 86.) Decided April 30,
1907.

Bill by James J. Gier and Catherine Bousson, copart-
ners as James J. Gier & Company, against Philip Daiber
to enforce a mechanics' lien. From the decree rendered,
both parties appeal. Modified and affirmed.

Complainants, copartners, filed a bill to enforce a me-
chanic's lien. The answer of defendant sets out the
written contract entered into by the parties and the plans
and specifications according to which complainants were
to build, furnishing all labor and materials, and defend-

ant to pay for, three houses for $3,450. It is a part of the agreement that the superintending owner (defendant) shall have power to reject material and workmanship not in full accord with the spirit and meaning of the plans, drawings, and specifications which form a part of the contract, and that the work was to be done "to the entire satisfaction of the said owner." It is a part of the specifications that "no charges can be made for extra work unless agreed to in writing." Complainants' claim is for unpaid balance of contract price, $920, extras, $85.10; a total of $1,005.10. In the answer of defendant, it is alleged with particularity the respects in which the materials used were defective and the labor performed unworkmanlike. The cause coming on to be heard upon proofs taken in open court, the claim for extras was disallowed, certain sums were allowed to defendant for defects in material and labor, and a decree entered for complainants for $845 and interest from September 22, 1904; a total of $904.50, with interest from date of decree, which was February 19, 1906. Both parties have appealed from this decree.

*Edward A. Barnes*, for complainants.

*Edmund Atkinson* (*William F. & Frank W. Atkinson*, of counsel), for defendant.

OSTRANDER, J. (*after stating the facts*). It is one of the contentions made by defendant that complainants should be remitted to an action at law. It is based upon the proposition that the written contract requires the buildings to be constructed to the satisfaction of the owner, who is given power to reject materials and workmanship not in conformity with the specifications, and that the evidence shows defective materials and workmanship. *Hanley* v. *Walker*, 79 Mich. 607 (8 L. R. A. 207); *Boots* v. *Steinberg*, 100 Mich. 134. The learned trial judge disposed of this contention by finding that defendant, though protesting, took possession of the buildings, after

which complainants remedied certain defects pointed out
by defendant, and thereafter requested to have further
defects, if there were any, pointed out; that the conduct
of defendant amounted to an acceptance of the work
under the contract. But he was of opinion that the con-
tract had not been performed, and that equity, in preserv-
ing and enforcing the lien, demanded also that certain
allowances should be made to defendant in diminution of
the contract price. As was done in the opinion in the case
last above cited, I quote from the opinion in *Hanley* v.
*Walker* so much as is necessary to state what I under-
stand to be the settled law of this State:

"When a person contracts with another to build, or to
do some portion of the work in constructing buildings,
upon real estate belonging to the owner of such real estate,
his taking possession after the other has left the premises
cannot be construed as an unequivocal acceptance, although
he thereby takes possession of, and appropriates to his use
and benefit, the labor or materials of the contractor. He
must do so, as a matter of necessity, in many cases, or suf-
fer the property to stand idle and unused, to the great
detriment of all parties, and especially so of the owner.
The most that can be said, in such cases, is that the act of
the party, and all the circumstances, may be taken into
consideration in the determination of the question whether
there is an implied waiver of the condition precedent."

I find no evidence to support a finding that defendant
ever accepted the buildings as completed or waived his
right to insist that they were not built according to con-
tract. On the contrary, he made written demand to have
the roofs on each house removed and new roofs built, and
has since put on new roofs. Complainants refused to
build new roofs, agreed to, and did, remedy other defects
which defendant and certain disinterested builders em-
ployed by complainants called their attention to, and re-
quested defendant by speech and writing to point out any
other or further discovered or supposed defects. This,
defendant did not do. I find, therefore, that if defend-
ant's objections to the roofs are without substantial basis—

148 MICH.—13.

are captious—the suit is properly maintainable, although it has since developed that there are minor defects in material and workmanship, the existence of which does not indicate any purpose to defraud, which might have been overlooked, and which might have been remedied, if attention had been directed to them. As to the roofs, the complaint made by the defendant was:

" The roof boards are too far apart, and are besides too shaky, split, and rotten. The shingles are not the quality specified by our contract, the butts having knots and worm holes, and, such as they are, they are not properly laid. * * * I must insist upon your replacing the three roofs at once with proper roofs such as were contracted for by me."

A review of the conflicting testimony introduced leads to the conclusion and finding that the shingles were of the quality specified, the roof boards were of proper material, and properly put on. I have had most trouble over the question whether they were properly laid. The contract calls for cheap material. It does not permit poor workmanship. Giving effect to that testimony which appears to be best entitled to be believed, I find that the shingles were, substantially, as well laid as such shingles can be laid. It appears, also, that defendant was present from time to time, inspecting the work as it progressed, and that at his request the workmen were permitted to select, to some extent at least, the shingles which were put upon the houses, using the worst of them to cover the outhouses. Complainants were warranted in refusing to replace the roofs.

There were no written agreements for extra work. Counsel for complainants invoke the rule that, where parties to a contract containing such a clause as appears here deal with each other, the provision is waived when the owner himself requests that the work be done or the materials furnished. *Ford's Case*, 17 Ct. Cl. 60; *Barlow* v. *U. S.*, 35 Ct. Cl. 514; 30 Am. & Eng. Enc. Law (2d Ed.), p. 1283. The testimony of some experts who

inspected the plans and specifications and the buildings was that all items claimed as extras were extras. Counsel for defendant content themselves by saying that the trial judge disposed of the matter properly, and that there is no occasion to say anything upon the subject. The circuit judge was of opinion that, inasmuch as complainant testified that defendant demanded the extras charged for as matter of right, telling complainant that he could supply them or abandon the work, and complainant thereafter supplied what was demanded, there was no room for the idea that a parol contract had been entered into for such extras. The reply made is that, as these things were in fact extras, the demand upon condition being a variation, and, if insisted upon, a breach of the contract, the law will not put the contractor in the difficult position of treating the whole contract as at an end and suing for his damages. I am satisfied that the contract did not require these items to be furnished—that they were in fact extras—and agree with counsel for complainants that the cost of them would be a proper measure of damages for breach of the contract in a case where a contractor was not allowed to perform according to the terms of the contract. This is not such a case. Complainants are asserting a lien as upon performance of a written contract according to its terms. The court was right in refusing a decree for these items. *Moore* v. *Locomotive Works*, 14 Mich. 266.

Counsel for complainants say that the court was in error in making certain allowances to defendant on account of defects which he found to exist, without evidence of the expense of remedying such defects, and the inference, from the argument made, is that defendant was bound to supply such proof. But as to some of these alleged defects there was no dispute. It is admitted that the foundation walls were not made of material consisting of four parts gravel and one part cement, as the contract specified. The proportions were six parts to one. This was discovered by defendant during the hearing in the court below.

The evidence strongly supports the idea that the proportions used were proper, and were as usually specified in such cases and that the specification was made by inadvertence. So, too, bolt holes through the foundation walls were not closed from the outside, as they should have been. The court allowed defendant $45 for the three houses on account of defects in foundations. The facts were particularly within the knowledge of complainants. There was some evidence, not very clear or specific, to sustain the allowance made on account of defective foundation walls, and, under the circumstances, the finding will not be disturbed. An allowance was made, too, of $30 as a proper expense of repairing the roofs of the houses. For this I find no warrant. Counsel for complainants concede that an allowance of $6 should be made for two doors.

The decree will be modified, by adding to the same $24 as of February 19, 1906, and, as modified, affirmed. Neither party will recover costs of this appeal, but the cost of printing the record will be equally divided between them.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.