YOUNG *v.* STEIN.

1. BUILDING CONTRACTS—CONSTRUCTION — POWERS OF ARCHITECT —CONCLUSIVENESS OF DETERMINATION.

   Where, under the terms of a building contract, the determination of the architect as to what is required of the contractor by the plans and specifications is conclusive upon the contractor, a construction that such determination is not likewise conclusive upon the owner is unconscionable and will not be adopted unless imperatively required by the language used.

2. SAME—CERTIFICATE OF ARCHITECT—CONCLUSIVENESS.

   Where a building contract indicates that acceptance "by the owner and architect" is to be evidenced by the certificate of the architect, which the builder obtains, such certificate, being made by the owner's unquestioned agent, acting entirely within the scope of his express authority, binds the owner, in the absence of any showing of fraud or collusion, as much as though he himself had signed it.

3. SAME — DEFECTIVE WORKMANSHIP AND MATERIALS — ACCEPTANCE—QUESTION OF FACT.

   Where a building contract provides that neither inspection or certification by the architect, nor payments by the owner, shall relieve the builder of his obligation in regard to materials and workmanship, the question of acceptance working an estoppel of the owner to claim a set-off for defective workmanship and materials is one of fact for the jury.

Error to Wayne; Donovan, J. Submitted November 13, 1907. (Docket No. 164.) Decided May 1, 1908.

Assumpsit by Henry Young against Eugene Stein on a building contract. There was judgment for plaintiff, and defendant brings error. Reversed.

*Stellwagen & MacKay*, for appellant.

*Isaac N. Payne*, for appellee.

McALVAY, J. Plaintiff is a contractor and builder in

the city of Detroit. He entered into a contract in writing to build a house for defendant for the sum of $1,892, according to certain plans and specifications. This suit was brought to recover a balance of $560 claimed to be due under the contract and for some extras amounting to $104.50. The declaration was in assumpsit upon the contract, and on the common counts. Defendant, under the general issue, gave notice of special defense, admitting that the contract was entered into, but that it was not performed by plaintiff according to its terms, to his damage which he was entitled to recoup. He also gave notice of set-off. A verdict for $738.50 was rendered in favor of plaintiff, upon which a judgment was entered. The case is here for review upon writ of error.

The terms of the contract need not be set forth as it is of considerable length. The owner agreed to pay the contractor $1,892 for the work and materials as follows:

" On certificates issued from time to time as the work progresses, reserving 10 per cent. until the work is entirely completed and accepted by the *owner* and *architect*. It being understood that the final payment shall be made within thirty days after this contract is completely finished; provided that in each of said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to their satisfaction."

The contract also provides:

" It is further mutually agreed by the parties hereto that the inspection of any work by the architect, or the issuance of certificates thereon by him, or payments made by the owner under this contract, shall not release the contractor of any obligation to perform the work in a good and workmanlike manner, and in case of any default or defects being found at any time, either in workmanship or materials, the same, with all damages due thereto, shall be repaired, replaced or made good by the contractor at his own cost and expense."

Defendant insists that the house was not built according to plans and specifications and he was not bound by

the certificates of the architect. Paragraph 1 of the contract requires the contractor to do the work under the direction and to the satisfaction of architect (acting as agent of said owner) agreeably to the drawing and specifications made by said architect. Under paragraph 2, in case of doubt "respecting the true meaning of the drawings or specifications, reference shall be made to the architect, whose decision thereon shall be final and conclusive." Paragraph 4 requires the contractor, on notice from the architect, "to remove from the grounds or building all materials condemned by them * * * or take down all portions of the work which the architect shall condemn as unsound," etc. Paragraph 8 provides:

"The contractor shall make no claim for additional work unless the same shall be done in pursuance of an order from the architect."

Paragraph 10 provides:

"Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements on his part herein contained, such refusal, neglect or failure being certified by the architect, the owner shall be at liberty, after three days' written notice to the contractor, to provide any such labor or materials, etc.  * * *

"And if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action the owner shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession of all materials thereon, and to employ any other person or persons to finish the work, and to provide materials therefor.  * * *

"The expense incurred by the owner as herein provided either for furnishing materials or for finishing the work and any damage incurred through such default, shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties."

It is clear that, under this contract, the determination of the architect as to what is required of the contractor by

the plans and specifications is conclusive upon the contractor, and unless such determination is likewise conclusive upon the owner, we should have the anomalous and unconscionable result that the owner might contest the contractor's right to compensation for work performed by him precisely as ordered by the owner's agent, the architect, whose orders he was bound to obey. Such a construction of the contract ought not to be adopted unless imperatively required by its terms. *Wildey* v. *School District*, 25 Mich. 419.

The contract was drawn by the architect as the agent of the owner, and was signed by the architect and not by the owner, the owner adopting the contract as his after its execution. The architect is described in the contract as agent of the owner. The provision in paragraph 13, "that in each of the said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to their satisfaction," indicates clearly that the acceptance "by the owner and architect" is to be evidenced by the certificate of the architect. This certificate the contractor obtained, and being made by the owner's unquestioned agent acting entirely within the scope of his express authority, it bound the owner, in the absence of any showing of fraud or collusion, as much as though he himself had signed it. *Lamson* v. *City of Marshall*, 133 Mich. 250. The trial judge correctly held that defendant was estopped by the architect's certificates from raising the question of a failure on the part of the contractor to comply with the plans and specifications, so far as such failure was not the result of bad workmanship.

Defendant was not allowed to show faulty workmanship, the court holding that he had accepted the house and was estopped. The question of acceptance upon this record was one of fact for the jury so far as the question of good workmanship and materials was concerned. *Gier* v. *Daiber*, 148 Mich. 190.

The question of damages from faulty workmanship

should have been submitted to the jury, under the 14th paragraph of the contract. The testimony tended to show, and it was substantially admitted by plaintiff, that certain rooms were constructed with one side several inches longer than the parallel one; that on one side of the bay window 22-inch glass was used and. on the other 24-inch, which twisted the window around and threw it out of shape. Such construction is at least evidence of bad workmanship, which the parties undertook to cover by the 14th paragraph. The court was in error in excluding such evidence.

The judgment of the circuit court is reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, MOORE, and CARPENTER, JJ., concurred.