First Nat. Bank of Anna v. Rusk, 179 Ill. App. 574.

## First National Bank of Anna, Plaintiff in Error, v. John A. Rusk, Defendant in Error.

1. PARTNERSHIP—*evidence tending to prove.* In assumpsit for money furnished one defendant for the purchase of a car load of berries, which was shipped to another defendant and sold by him, it was shown that the former in numerous transactions had bought and shipped fruits and vegetables to the other and the latter thereupon had sold the shipments and credited the former with one-half of profits and charged him with one-half of losses. *Held,* that the evidence tended to show partnership liability, and that a verdict should not be directed to the contrary.

2. PRACTICE—*directing verdict.* In considering a motion to direct a verdict, neither a trial court nor a court of review should weigh the evidence or determine where the preponderance is, or as to the credibility of witnesses, such motion being met by some evidence fairly tending to establish the adverse claim or defense.

3. APPEALS AND ERRORS—*record not containing all the evidence.* Error, assigned in directing a verdict for defendant, is ground for reversal where sufficient evidence is preserved in the record fairly tending to prove a cause of action, notwithstanding the certficate of the trial judge in the bill of exceptions fails to show that all the evidence introduced on the trial is preserved in such record.

4. APPEALS AND ERRORS—*when all the evidence must be preserved.* Where a reversal is sought on the ground that the verdict and judgments are manifestly against the evidence, the bill of exceptions must purport to contain all the evidence heard at the trial.

Error to the Circuit Court of Union county; the Hon WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 10, 1913.

WILLIAM D. LYERLE, for plaintiff in error.

JAMES LINGLE, for defendant in error. .

MR. JUSTICE THOMPSON delivered the opinion of the court.

The principal error assigned on this record, questions the correctness of the instruction of the court which directed a verdict for the defendant John A. Rusk.

The suit was in *assumpsit* brought by the First National Bank of Anna, against John A. Rusk and Neely Absher, as partners, on account of money furnished defendant Absher, to pay for a car load of berries bought by Absher, at Anna, Illinois, and shipped to Rusk at Chicago, Illinois, who sold them on the market.

The bank sued Rusk and Absher jointly, claiming that they were partners in the fruit and general produce business, carried on in the vicinity of Anna, in the name of Absher.

The declaration contained the common counts only. Defendant Absher was defaulted. Defendant Rusk, filed the general issue and also a special plea, denying joint liability.

The cause was tried by the court and jury and at the close of the plaintiff's evidence, defendant Rusk, by his attorney, moved the court to direct a verdict for him on his plea of nonjoinder, the motion was allowed and the jury returned a verdict for the defendant Rusk as directed.

Defendant in error contends that the judgment of the trial court should be affirmed for the following reasons: first, the abstract does not show the exceptions to the rulings of the court; second, the bill of exceptions does not show by the certificate of the trial judge, that all of the evidence introduced on the trial is preserved in the record.

The first objection must fail, for the reason that, an inspection of both the abstract and the record show exceptions were taken to the rulings and judgment of the court.

The second objection would present a more difficult question, if the result here depends on a consideration of all the evidence, as it does in cases where a reversal is sought on the ground that the verdict and judgment is manifestly against the weight of the evidence. In such cases the bill of exceptions must purport to contain all the evidence heard on the trial. This rule is so well established no citation of authority

is needed. The question presented on this record however, is, was it error for the trial court to direct a verdict for the defendant at the close of the plaintiff's evidence. If there was introduced, by the plaintiff, any evidence fairly tending to prove his cause of action, then the weight or sufficiency of such evidence should have been left to the jury to determine by their verdict. This rule of long standing had recent approval in the case of Geiger v. Geiger, 247 Ill. 629, where the court said: "The question presented by such a motion is whether there is any evidence fairly tending to prove the cause of action or fact affirmed. It is not the province of the trial judge, on such motion, to weigh the evidence and determine where the preponderance is. Neither the trial court in the first instance, nor the court of review, has anything to do with the question of the preponderance of the evidence or the credibility of the witnesses when considering this question." Even though the bill of exceptions in this case could be held insufficient to show that all the evidence heard on the trial was preserved therein, still there can be no doubt that it is sufficient to show and does show there was some evidence tending to establish the fact that a partnership existed between Rusk and Absher, as claimed by the plaintiff.

The evidence introduced by the plaintiff showed a number of transactions wherein Absher, at different times bought vegetables and fruit at and in the vicinity of Anna, and shipped them to Rusk at Chicago. The goods so bought and shipped were paid for by Absher, giving his personal check on the bank, and when sold by Rusk, the amount received by him would be sent to Absher, less one-half of the profit, if any, made on the transaction, and if a loss resulted a statement of the sale and such loss would be forwarded to Absher, showing what his one-half of the loss sustained amounted to.

The plaintiff's evidence consisted of the testimony of witnesses and documentary evidence in the nature

of letters and telegrams, which passed between Rusk and Absher.

The defendant Absher testified, "I have known defendant, John A. Rusk, four or five years. During the shipping season last summer, I was engaged in the business of buying vegetables and strawberries, for John A. Rusk and myself. I bought them and packed and billed them to Rusk. When the sale was made, he sent me a statement showing what my half of the profits or loss amounted to. I had arrangements with Rusk about the buying of strawberries. Got letters and telegrams concerning the business."

The letters and telegrams referred to were offered in evidence. The letters, written by Rusk to Absher, in reference to the purchase and sale of berries, contain such expressions as these: "I had to close up the soft berries today, at $1.40, and the small berries yesterday, at $1.35. Had it not been for those we would not have lost irrespective of the market going against us. Take it easy for a day or two and when the prices warrant us to buy, we will go heavier." "Please send me the cost of those berries and peas." "If you had followed my instructions closely at the beginning we would be ahead of the game but as it is we are away behind." "Please itemize your bill hereafter, so I can tell what the different articles cost." "Send me a bill of each shipment as quickly as possible." "The enclosed sale will show a loss but we must not get discouraged but must go easy and watch our chance to get it back."

One bill or statement sent referred to the loss as follows: "Loss on deal, $63.66, ½ to you $31.83."

On a careful consideration of the evidence which the bill of exceptions shows was before the court when the motion to direct a verdict for the defendant was considered we deem the same amply sufficient to require the aid of a jury to pass upon the question whether or not, there was a partnership existing between Rusk and Absher at the time of the transaction out of which this

controversy arose, and it was error to direct a verdict for the defendant.

Other questions raised on this record are not discussed in this opinion, since under the view we hold, the case must be reversed and remanded, which is done accordingly.

*Reversed and remanded.*