JOHN F. MORGAN & another vs. ALBERT B. MURDOUGH.

Essex. November 7, 1913. — February 26, 1914.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

Contract, Construction, Building contract.  Reference and Referee.  Architect. Practice, Civil, Exceptions.

A provision in a contract for the building of a school house, that "to prevent disputes and litigation it is further agreed . . . that the architect shall be referee in all cases to decide upon the quality, acceptableness and fitness of the several kinds of work and materials which are to be included in this contract, and his estimates and decisions shall be final and conclusive as to all questions of fact," relates to the quality or character of the work performed and of the materials furnished, and gives the architect no power to interpret the language of the contract for the purpose of settling a dispute between the parties as to its meaning.

A stipulation in a contract for the building of a school house, to furnish and install the marble for certain toilet rooms "on all walls as shown on plans with slabs six feet high," does not require that a marble dado shall be continued around the entire walls of the rooms designated if the plans referred to show a marble dado only in the inner compartments of such rooms.

Exceptions will not be overruled merely because the bill of exceptions fails to state expressly that it contains all the material evidence, where it is clear from the statement of the course of the trial below that the questions for determination depend wholly upon the interpretation of a contract in writing and all of the material portions of that contract are stated fully.

CONTRACT for the price of labor performed and materials furnished by the plaintiffs in the installation of the heating, ventilating and plumbing system of a classical high school building, which the defendant as general contractor had erected for the city of Lynn, and for certain extra labor and materials connected therewith. Writ dated November 4, 1911.

In the Superior Court the case was referred to Charles E. Haywood, Esquire, as auditor, who found that the plaintiffs were entitled to recover from the defendant a balance of $1,899.04. Later the case was heard by McLaughlin, J., without a jury. At the hearing it was conceded by the defendant that the plaintiffs were entitled to recover in accordance with the auditor's report, unless there should be deducted from the amount therein found the sum of $907.05, which was paid by the defendant for marble as stated in the opinion, and also certain other sums claimed

by the defendant as allowances for minor matters. The sums claimed by the defendant other than that for the marble were all disallowed by the judge, except $10 for telephone charges which the plaintiffs admitted were proper.

The point in controversy and the decision of the architect thereon are stated in the opinion. The plaintiffs asked the judge to make the following rulings, besides certain others which were made by him:

"1. The terms of the contract between the plaintiffs and the defendant did not require the plaintiffs to furnish marble dadoes in the toilet rooms except as shown on the plan."

"8. The contract between the parties does not authorize the architect or the superintendent of buildings to require the plaintiffs to place marble dadoes in the toilet rooms except where shown on the plan."

The judge refused to make these rulings, and ruled that the architect had authority to make the decision which he made and that it was binding and conclusive between the defendant and the plaintiffs. He decided that there should be deducted from the amount found by the auditor $907.05 expended by the defendant for finishing the dado work and the sum of $10 for telephone service, and that the balance due the plaintiff should be stated at $981.99 instead of $1,899.04 as reported by the auditor, to which balance interest should be added from June 1, 1911.

The judge accordingly found for the plaintiffs in the sum of $981.99 with interest; and the plaintiffs alleged exceptions.

*C. N. Barney,* (*W. A. Bishop* with him,) for the plaintiffs.

*J. H. Vahey, S. K. Casson & P. Mansfield,* for the defendant, submitted a brief.

RUGG, C. J. This is an action to recover for labor performed and materials furnished in the installation of a heating, ventilating and plumbing system in a school building for the city of Lynn. The contract, to the terms of which the plaintiffs were bound to conform, contained these requirements as to marble, touching which this action arises: "all toilets on first, second and third stories are to have marble dado six feet in height, furnished and set by plumber. . . . [the plumber shall] Provide and set white Italian marble equal to sample in architect's office for the following rooms: In the five toilets on first floor; in the four toilets on

second floor; two toilets on third floor; on all walls as shown on plans with slabs six feet high. . . . The word 'toilet' as used in this contract . . . includes and signifies the room or enclosure in which are installed water-closets and lavatories, sometimes containing urinals, and some containing sinks and floor drains." ' The plans showed marble dado work only in the inner compartment of the main toilets, so called, in which the closets were situated. A question arose as to the amount of marble to be installed, the plaintiffs contending that they were bound to furnish only that shown on the plan, and the defendant that the marble dado should be continued all around the entire rooms. The architect undertook to settle this controversy in favor of the defendant. Whether he had a right under the contract to bind the parties by his decision depends on this clause: "To prevent disputes and litigation it is further agreed . . . that the architect shall be referee in all cases to decide upon the quality, acceptableness and fitness of the several kinds of work and materials which are to be included in this contract, and his estimates and decisions shall be final and conclusive as to all questions of fact, provided however as hereinbefore set forth, that all work must be done to the final satisfaction of the superintendent of buildings. The estimates and decisions of said architect in case any question shall arise shall be a condition precedent to the right of said contractor to receive any money or bring any suit at law or in equity under the agreement. . . . The superintendent of buildings or his representatives and the architect may at any time inspect the.materials furnished and the work being done under this contract and the architect may decide whether the same strictly correspond to the specifications. . . ." The authority conferred upon the architect by this clause of the contract did not extend to the decision of a dispute such as arose between the parties. That dispute related to the right meaning of a requirement of the contract. It did not relate to the quality or character of the work performed or the materials furnished, which was the boundary of the power given to the architect as referee. He was not empowered as were the architects in *Norcross* v. *Wyman*, 187 Mass. 25, to be "the sole interpreters of their drawings and these specifications." The contract in the case at bar clothed the architect with no jurisdiction to interpret the doubtful

terms of the contract, but merely to pass upon the quality of the performance tendered pursuant to the stipulations of the contract interpreted as it ought to be interpreted according to its true meaning. He was not made the arbitrator as to its true meaning. See *Derby Desk Co.* v. *Conners Brothers Construction Co.* 204 Mass. 461. His attempt to decide this controversy was beyond his power and had no binding force on the parties. It seems plain that the contract according to its true significance required the marble dado only upon such portions of the walls of the toilet rooms as were shown on the plans. The rooms in which there was to be any such work were described in general terms and the final clause of the specifications referred to the plans for the detailed definition of the precise places where the marble was to be set. The plaintiffs were bound by their contract to set marble only where shown on the plans.

The defendant contends that, because it is not stated expressly that the bill of exceptions contains all the material evidence, the plaintiffs cannot prevail, relying upon *Evans* v. *County of Middlesex,* 209 Mass. 474, 481. But that rule is satisfied in a case like the present, which depends for its determination, as is clear from the course of the trial below, wholly upon the interpretation of a written contract, when the material portions of the contract are extended upon the record.

It appears to be plain that the plaintiffs should prevail for the entire sum found due by the auditor, less $10, which admittedly should be deducted. This follows from the statement in the exceptions that "it was conceded by the defendant that the plaintiffs were entitled to recover in accordance with the auditor's report, unless there should be deducted from the amount therein found the sum of $907.05" which was paid by the defendant for marble and which the plaintiffs refused to place as directed by the architect. As we have decided that the architect had no authority to arbitrate this point, and was wrong in his interpretation of the portion of the contract relating to the dispute, there is nothing further to be tried. In accordance with St. 1913, c. 716, § 2, judgment is to be entered for the plaintiffs for the sum of $1,899.04 with interest.

*So ordered.*