## No. 11,721.

### DICKINSON, ET AL. *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, ET AL.

Decided April 18, 1927.

On motion to strike bill of exceptions.

*Motion Denied.*

1. BILL OF EXCEPTIONS—*Motion to Strike.* The objection that a bill of exceptions does not contain all the evidence is not a ground for striking it.

2.   *Function.* The function of a bill of exceptions is to make that a part of the record which would otherwise not be such.

3. APPEAL AND ERROR—*Bill of Exceptions.* The effect of the omissions of a part of the evidence is usually to preclude the consideration, on error, of the sufficiency of the evidence to sustain the judgment; but

if other error appears in the bill, the cause may be reversed, and whether it so appears is, in the reviewing court, a question on the merits not to be decided on motion to strike.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN T. BOTTOM, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, Mr. THOMAS STEVENSON, Mr. OSCAR J. HORN, Mr. J. Q. DIER, Mr. E. B. EVANS, Mr. J. L. RICE, for defendants in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE grounds of the motion are, in substance, but one: That it does not appear that the bill contains all the evidence. That is not ground for striking it and the motion must be denied.

The function of the bill of exceptions is to make that a part of the record which would otherwise not be such. Formerly, when an exception was taken, counsel then and there prepared his bill and the judge certified it, saying that "forasmuch as these matters do not appear of record the [plaintiff] presents this his bill of exceptions, and prays that it may be made a part thereof, which is accordingly done." This might happen several times in a trial and there would then be several bills to be considered on error, and, though none pretended to state all the evidence, if any showed error, the case would of course be reversed. More recently reversals for insufficient evidence became more frequent and it was held, logically and rightly, that to obtain a reversal on that ground one must present all the evidence, because who could tell that the omitted part would not control the result? *Anna Bank v. Rusk,* 179 Ill. App. 574; *Charles v.*

*Hallack Lumber Co.,* 22 Colo. 283, 288, 289, 43 Pac. 548. Though sometimes the rule is relaxed. *Detroit v. Grummond,* 121 Fed. 963, 58 C. C. A. 301, 307, 308; *Morgan v. Murdough,* 216 Mass. 502, 104 N. E. 455. Here and there courts have misconceived this rule, and illogically and wrongly, have said that the bill must always contain all the evidence, but such is not the right rule. The effect of the omission of part of the evidence is usually to preclude the consideration, on error, of the sufficiency of the evidence to sustain the judgment; but if other error appears in the bill, the case may be reversed, and whether it so appears is, in the reviewing court, a question on the merits, not to be decided on motion to strike.

Motion denied.