## No. 11,721.

DICKINSON *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, ET AL.

Decided December 24, 1928.   Rehearing denied January 14, 1929.

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, Mr. THOMAS STEVENSON, Mr. OSCAR J. HORN, Mr. J. Q. DIER, Mr. E. B. EVANS, Mr. J. L. RICE, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Dickinson was a yard fireman in the service of the Colorado and Southern Railway Company. He brought this action against his employer, the Brotherhood of Locomotive Firemen and Enginemen, the Grand Lodge thereof, and all its other members—the number of defendants being about seventy-five—because of their alleged wrongful joint conduct in bringing about a reduction in his seniority rank as such fireman. He asked as equitable relief restoration of his former rank and as legal relief damages for the alleged wrong. At the close of the evidence, on the motion of the defendants for a nonsuit, the trial court granted the motion, holding, as to the law feature of the action for damages, there was nothing to submit to the jury. As to the equity phase of the case, the demand for a restoration to plaintiff of his seniority rank, the trial court likewise found that the case, as made by the plaintiff's own evidence, fell far short of proving that plaintiff's seniority rank should be restored, and therefore dismissed the case as to both causes of action at plaintiff's costs.

The plaintiff has filed herein sixteen assignments of error, the principal ones being, in substance, that the case, as made by his own evidence, should have been submitted to the jury for its finding upon the facts, and that in no event should a nonsuit be granted in an equity suit. The other assignments are of a character which, if resolved in plaintiff's favor, would not entitle him to a reversal.

Stress is laid by plaintiff's counsel upon our previous decisions that it is not good practice in a suit in equity to entertain a motion for a nonsuit. *Peters v. Peters,* 73 Colo. 271, 215 Pac. 128; *Boyer v. Tait,* 78 Colo. 36, 238 Pac. 59.

The printed abstract of the record does not disclose whether or not two separate causes of action are included in this complaint, in separate statements, one legal, the other equitable; but it does show that plaintiff sought both kinds of relief, damages for the alleged wrong, and restoration of plaintiff to his original rank, the former

legal, the latter equitable, in character. A motion for nonsuit as to the legal cause of action was proper, but not in the action in equity. We might dispose of this point with the observation that the objection now made to the nonsuit motion is not good as to the law action or law feature, and harmless as to the equitable branch of the case, and therefore not reversible error. In the Peters case, supra, we said that, though a motion for nonsuit is not proper in an equitable action, nevertheless, where the trial is to the court the presiding judge must eventually determine the facts, and if, at the close of plaintiff's evidence, his case has not been made out by a preponderance thereof, no reason exists for requiring the production of any evidence on behalf of the defendant. In the Boyer case, supra, following the decision in the Peters case, we said that it does not necessarily follow that it is reversible error for a court to entertain and grant a motion for a nonsuit in an equity action. If the plaintiff's whole evidence is insufficient to prove his case, it would not be right for a reviewing court to reverse the judgment so declaring, even though that judgment was rendered in response to a motion for nonsuit. Our opinion on this point there thus concludes, at page 39: "We cannot reverse this judgment merely because the trial court followed a bad practice and entertained a motion for nonsuit in an equity action." So in the case now before us. We should not reverse this judgment of dismissal merely because, if such is the fact, the court below followed a bad practice and entertained a motion for a nonsuit, in an action seeking both legal and equitable relief.

There is, moreover, a fatal objection to plaintiff's case here. He seeks now to have the adverse judgment of the district court reviewed on the ground that the same is not sustained by the evidence. In no event may a plaintiff in error have such review, unless, among other things, he brings up in his bill of exceptions all of the evidence produced at the trial. Not only does the bill negatively show that only a part of the evidence is incorporated by

plaintiff in his bill, but the trial judge's certificate thereto affirmatively states that it does not contain all of the evidence of any witnesses named. The trial judge further certified that the bill does not contain all of the evidence or exhibits introduced, and does not contain all of the evidence considered by the trial court in deciding the case, and does not contain all of the testimony, but omits several exhibits offered and received in evidence, and entirely omits the oral testimony of certain witnesses who testified, and entirely omits the oral testimony of other witnesses. There could scarcely be a more defective bill of exceptions as the certificate of the trial court indicates. No argument is necessary to demonstrate its fatal insufficiency to secure a review of the evidence. It would unnecessarily burden the opinion even to enumerate the long list of our opinions declaring such a bill ineffective. Among the latest of our opinions on the subject is the case of *Dickinson v. Brotherhood, etc.,* 81 Colo. 359, 255 Pac. 450. We said, when this case was before us on a former review: "More recently reversals for insufficient evidence became more frequent and it was held, logically and rightly, that to obtain a reversal on that ground one must present all the evidence, because who could tell that the omitted part would not control the result?"

Other reasons might be given for the affirmance of this judgment. It would serve no useful purpose, however, to discuss the same, because in no event is the plaintiff in error in position to be heard upon his assignment of error to the lack of evidence. The judgment is therefore affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE DENISON, MR. JUSTICE WHITFORD and MR. JUSTICE ADAMS concur.