### ANDERSON v. UNITED STATES.

### UNITED STATES v. ANDERSON.

No. 9725.

Circuit Court of Appeals, Ninth Circuit.

Oct. 15, 1941.

DuPuis & Ferguson, of Seattle, Wash., for appellant Anderson.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for appellant United States.

Before HANEY, and HEALY, Circuit Judges, and BOWEN, District Judge.

HANEY, Circuit Judge.

In this action appellant sought to recover an alleged balance due him under a written contract, and appellee sought recovery of an alleged overpayment.

Appellant submitted a written bid to appellee for the construction of a building in Seattle for $517,588, stating that he would use "wood foundation piles, except for Sections 'AA', 'BB', and 'CC' (drawing No. 401) under the retaining walls along the south and west lot lines, with precast concrete piles for the remainder of all pile foundations". The contract was entered into on February 10, 1930.

Article 1 of the contract required the construction to be "in strict accordance with the specifications, schedules, and drawings, all of which are made a part" of the contract. Article 3 of the contract provided that the contracting officer might at any time "by a written order" make changes in the drawings and specifications, or either. It further provided: " * * * If such changes cause an increase or decrease in the amount due under this contract, or in the time required for its performance, an equitable adjustment shall be made and the contract shall be modified in writing accordingly. No change involving an estimated increase or decree [sic] of more than Five Hundred Dollars shall be ordered unless approved in writing by the head of the department or his duly authorized representative. Any claim for adjustment under this article must be asserted within ten days from the date the change is ordered, unless the contracting officer shall for proper cause extend such time, and if the parties can not agree upon the adjustment the dispute shall be determined as provided in Article 15 hereof. * * *"

Article 15 of the contract provided in part as follows: "Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within thirty days to the head of the department concerned,

whose decision shall be final and conclusive upon the parties thereto as to such questions of fact. * * *"

The specifications contain other provisions pertinent to the controversy. No. 18 provides that the "decision of the contracting officer or his authorized representative as to the proper interpretation of the drawings and specifications shall be final". Other specifications were:

"74. The total lengths of the several types or classes of piles to be used for the basis of the contract hereunder shall be such as require cut-offs at the elevations indicated by drawings Nos. 400 and 401 with the points of wood or precast concrete piling at elevations minus 34, (except where lengths are specifically noted otherwise)."

"75. Unit Prices.—For each foot required more than the contract total for wood piles or for wood sections of composite piles the contractor shall receive one dollar ($1.00) in addition to the contract price total, and for each foot less than the contract total footage fifty cents (50¢) shall be deducted from the contract price total.

"(A) Similarly for each additional foot of precast piles the contract price total shall be increased by two dollars and fifty cents ($2.50), with a deduction of one dollar and fifty cents ($1.50) for each foot less than the total contract footage.

" * * *

"(C) The measurement for each pile length shall be to the nearest foot, from its point to its top or 'cut-off' end; in no case will the contractor be allowed payment for withdrawn, abandoned, broken or injured piles, nor for portions of any concrete piling remaining above the required level or of piles cut off because of being damaged or improperly placed.

"(D) Test Piles.—At his expense, the contractor shall drive a sufficient number of test piles to pre-determine, so far as possible, the lengths of wood or pre-cast piles that will be required to secure the specified bearing in the several areas of the work; these tests shall be made long enough in advance of the needs of the site so that piles (particularly of the pre-cast types) will be on hand to permit continuous operation of pile driving or setting."

"76. Driving.—No piles shall be driven until after the excavation at the respective areas they are to occupy has been completed. They shall be driven vertically within 3-inches of the locations shown on drawings, not more than ⅛ inch per foot from vertical, and the tops brought to cut-off within 2-inches of the elevations indicated on the drawings. *Piles not otherwise noted on the drawings shall be driven to a final penetration which shall safely support 30 .tons as determined by the formulas herein specified.*" [Italics supplied]

"78. A water jet may be used in addition to the drop hammer if so desired by the contractor."

Appellant had six test piles driven, and from the tests determined the length of the necessary 777 pre-cast concrete piles, and cast them to such lengths that when driven to an elevation of minus 34, the tops of such piles would all be at elevation plus 8 without cutting the tops. Appellant, by sub-contract, had the piles driven. Swift, appellee's construction engineer, orally ordered the sub-contractor to stop driving the piles several feet short of elevation minus 34, but did not make such an order in writing. As a result, appellant had to cut-off the tops of the piling at a cost of approximately $1,200.

The estimate of the pre-cast concrete piling in the contract was 32,817 lineal feet. Appellant made 31,969 lineal feet of such piling, but since it was not driven to elevation of minus 34, he actually used only 29,086 of such piling. Appellee made no claim for adjustment of the cost of the piling within ten days.

In making final settlement of the amount due appellant, appellee deducted from the contract price $3,547.50 on the ground that less pre-cast concrete pilings were used than was called for by the contract. It arrived at $3,547 as follows:

Feet of pre-cast piling in contract.. 31,451
Feet of pre-cast piling actually used 29,086
Difference, not used.............. 2,365

The difference of 2,365 multiplied by $1.50 makes $3,547.50. In making that compensation, however, an error was made in computing the amount of such piling called for by the contract. The contract called for 32,817 feet rather than the 31,451 feet used in the computation. The error amounted to 1,366 feet or $2,049.

Appellant brought this action to recover the amount of $3,547.50 which was deducted from the contract price. Appellee filed a cross-complaint to recover $2,049 which was the result of the error mentioned.

The trial court held that the specifications required the piling to be driven to elevation minus 34, but permitted them to be driven to a lesser minus elevation if they would support 30 tons; that the construction engineer determined "a factual dispute arising from conflicting interpretations of the plans and specifications" [34 F.Supp. 490, 493]; and that therefore recovery was prohibited by Article 15 of the contract. It further held that recovery by appellee was barred on the same ground. D.C., 34 F.Supp. 490. From the judgment both parties appeal.

Appellant contends that whether or not the contract and specifications required pre-cast piling of a sufficient length so that they could be driven to an elevation of minus 34 is one of law and not of fact, and that therefore Article 15 of the contract did not bar recovery. Appellee contends that recovery by appellant is barred by Article 15 of the contract and the 18th specification. On appellee's appeal, appellant contends that if Article 15 of the contract and the 18th specification bar recovery by him, likewise they bar recovery by appellee. Appellee argues that the contract did not call for the payment actually made, and that therefore such payment was illegal; and that Article 15 of the contract and the 18th specification do not bar recovery by appellee, because no question arose concerning the disputed amount prior to final settlement.

■ With respect to appellant's appeal, the first question for decision requires a determination as to whether the contract calls for specified feet of pre-cast piling, or whether it calls for such amount unless a bearing weight of 30 tons requires a different amount. That question is one which requires determination of the meaning of the drawings and specifications. The decision of that question is one which the 18th specification provides is final when made by the contracting officer. Here the contracting officer decided that there were two tests applicable to determine the length of the piling, i.e., the number of feet required to reach a particular minus elevation, unless a bearing weight of 30 tons was reached at some other elevation. By the terms of the contract and specifications his decision is final,[1] and we are required to construe the contract so as to enforce the agreement of the parties.

■ With respect to appellee's appeal it has been shown that the error in question was in computation of the number of feet of pre-cast piling estimated in the contract. It is apparent that whether the sum of those figures is 32,817 or 31,451 is a question of fact, and the question therefore is: does Article 15 of the contract bar recovery? That provision makes final and conclusive on the parties the decision of all "disputes" concerning questions of fact by the contracting officer. Here there was never any dispute about the fact itself, and there is no dispute now about the question. The contracting officer has never decided any "dispute" as to such question of fact, since the error was raised in this action for the first time, and even now, appellant does not contend that the correct sum is 31,451 rather than 32,817. Since there has not been a decision of a "dispute" contrary to the fact that 32,817 is the correct sum, Article 15 of the contract does not prevent appellee from seeking correction of the mistake now.

■ Since appellee is entitled to sue for the money erroneously paid appellant (United States v. Wurts, 303 U.S. 414, 415, 58 S.Ct. 637, 82 L.Ed. 932, and cases there cited), and having established the fact that the erroneous computation resulted in an overpayment to appellant, appellee is entitled to judgment for such overpayment.

The judgment is affirmed insofar as it denies recovery in appellant's action. As to appellee's cross-complaint, the judgment is reversed, and the cause is remanded to the court below with directions to enter judgment for appellee for the amount prayed for in the cross-complaint.

---

[1] The parties do not argue the question as to whether such a provision in a contract is valid. On that question, see: Norcross v. Wyman, 187 Mass. 25, 72 N.E. 347; Hathaway v. Stone, 215 Mass. 212, 102 N.E. 461; Young v. Stein, 152 Mich. 310, 116 N.W. 195, 17 L.R.A., N.S., 231, 125 Am.St.Rep. 412; 17 C. J.S., Contracts, 561, § 210.