## KERR v. UNITED STATES.

### No. 8021.

Circuit Court of Appeals, Seventh Circuit.

Oct. 30, 1942.

Rehearing Denied Dec. 16, 1942.

Harold A. Smith and Robert McDougal, Jr., both of Chicago, Ill. (Winston, Strawn & Shaw, of Chicago, Ill., of counsel), for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Sewall Key and George H. Zeutzius, Sp. Assts. to Atty. Gen., and J. Albert Woll, U. S. Atty., and Austin Hall, Asst. U. S. Atty., both of Chicago, Ill., of counsel), for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiff-appellant sued the United States to recover certain documentary stamp taxes paid upon a deed and the issuance of some stock. The right of the plaintiff-appellant to recovery depends upon whether there was legal delivery of a deed in exchange for stock of a corporation. If there was a legal delivery of the deed, the issuance of the stock was authorized, and the stamp tax properly assessed.

The trial court found the deed was legally delivered and the stock issued pursuant to plaintiff-appellant's instructions, and the plaintiff-appellant was liable and properly assessed for the stamp tax. Unless this finding is clearly erroneous, we must affirm. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following Section 723c.

The plaintiff-appellant owns some mining property in Colorado. She met one Riccardi, a confidence man, who proposed that a corporation be organized, and that the plaintiff-appellant offer to exchange her interest in the mining property for stock in the corporation, he, of course, to get a block of the stock. The plaintiff-appellant took part in the organization of the Colorado-California Mining Company, whose charter was issued on March 30, 1936. On April 3, 1936 plaintiff-appellant offered to sell to the corporation her mining property for one million shares of one dollar par value stock of the corporation, the stock to be issued to her nominees and herself, and on the same date she gave instructions to the corporation as to whom the stock was to be delivered. The plaintiff-appellant delivered to Riccardi a quit-claim deed conveying her interest in the mining property to the corporation. The deed was delivered by Riccardi to the officers designated in the articles of incorporation as the first officers of the corporation. They in turn issued the stock of the corporation to the persons designated by the plaintiff-appellant. Shortly thereafter and before the deed had been recorded, Riccardi phoned the officers of the corporation to return the deed to him for correction, as he had dis-

covered there was an error in the description of the property. The deed was returned to Riccardi and the plaintiff-appellant obtained possession thereof from him. She then refused to return the deed to the corporation and returned the stock certificates, having first marked across the face of each certificate "cancelled."

It is the contention of the plaintiff-appellant that she did not intend to deliver the deed to the corporation; that she gave it to Riccardi only that he might exhibit it to some of his alleged associates in the promotion of the deal.

One of two things is true. Either she gave the deed to Riccardi that he might use it to deceive someone else, a thing plaintiff-appellant disclaimed any intention of doing, or she gave the deed to Riccardi to be delivered to the officers of the corporation in consideration of the issuance to her and her nominees of the stock of the corporation.

In view of the fact that the plaintiff-appellant knew about the formation of the corporation and approved some of the minutes thereof; that the corporation was formed only for the purpose of acquiring her mining property; that she made a written offer to the corporation to exchange her mining property for stock of the corporation to be issued to persons in the amounts plaintiff-appellant should designate, and the stock was so issued; that the plaintiff-appellant gave the deed to Riccardi, who delivered it to the corporation and obtained possession thereof again on representations of his own; and that the plaintiff-appellant, having promised to return the deed to Riccardi, obtained possession of it and then refused to return it to him, causing him to be indignant and annoyed, we think the trial court was warranted in finding that the deed was legally delivered.

The contention of the plaintiff-appellant that she gave the deed to Riccardi only that he might exhibit it to his associates does not seem at all consistent with her written offer to exchange her property for stock of the corporation, and her explicit instructions as to whom the stock was to be issued, especially since she knew the corporation was organized only to acquire her property, and she had authorized and taken part in the organization of the company. If she expected to get the deed back, it is difficult to understand why the corporation was formed with her consent and cooperation, and for what consideration the stock was issued at her direction.

The judgment is affirmed.