### UNITED STATES v. SEATTLE-FIRST NAT. BANK.

#### No. 10254.

Circuit Court of Appeals, Ninth Circuit.

May 24, 1943.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, and George H. Zeutzius, Sp. Assts. to the Atty. Gen., and Edward M. Connelly, U. S. Atty., and Harvey Erickson, Asst. U. S. Atty., both of Spokane, Wash., for appellant.

Arnold L. Graves, B. H. Kizer, and Paul H. Graves, all of Spokane, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The question presented here is whether a statutory consolidation of banks under the National Bank Act, 12 U.S.C.A. § 34a, involves liability for documentary stamp tax under § 800 and Schedules A-3, A-8, and A-9, Title VIII, Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev.Acts, pages 284, 289, 297.

In 1935 a state bank, the Spokane and Eastern Trust Company, consolidated with the First National Bank of Seattle under the name of Seattle-First National Bank. Upon the ratification of the consolidation agreement by the stockholders the comptroller of the currency issued the necessary certificate of approval, reciting that the directors and shareholders of both banks had complied with the provisions of the Act.

The Spokane and Eastern Trust Company owned real estate whereon its banking house was located and securities in which a portion of its capital and surplus was invested. It had title also to securities as trustee, executor, guardian, etc. Stamps for the documentary tax required by the statute in the case of conveyances of real estate and transfers of stocks and bonds were not purchased nor affixed to any documents. The collector exacted a tax from the consolidated bank on the theory that the consolidation had resulted in taxable transfers. On a suit for refund the bank had judgment and the government appeals.

The Act of November 7, 1918, as amended February 25, 1927, 12 U.S.C.A. § 34a,

authorizes the consolidation of a state bank with a national banking association located in the same state. For reasons which will be apparent on reflection the Act provides for the continued corporate existence of the constituent banks participating in the consolidation, and the consolidated association is "deemed to be the same corporation as each of the constituent institutions." The statute further provides that "all the rights, franchises, and interests of each of such constituent banks and national banking associations in and to every species of property, real, personal, and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such consolidated national banking association without any deed or other transfer; and such consolidated national banking association, by virtue of such consolidation and without any order or other action on the part of any court or otherwise, shall hold and enjoy the same and all rights of property, franchises, and interests, including appointments, designations, and nominations and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics and in every other fiduciary capacity, in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any such constituent institution at the time of such consolidation * * *."

In the case before us no deed, assignment or other instrument was executed to transfer real estate, stocks, bonds, or other property whether held in a fiduciary capacity or owned outright by the bank. The certificates were not endorsed, nor was there any delivery or change of possession other than that which may be implied from the consolidation. The government contends, however, that the transfers did not occur solely by operation of law, but that the execution of the consolidation agreement, itself an affirmative voluntary act, effected the transfers; hence the agreement was a taxable instrument within the purview of the Revenue Act and regulations thereunder.

In this circuit the point has been determined adversely to the position of the Treasury in the United States v. Merchants Nat. Trust & Savings Bank, 101 F.2d 399. Further elaboration of the discussion there would serve merely to encumber the reports. The Court of Appeals of the Second Circuit in City Bank Farmers Trust Co. v. Hoey, 125 F.2d 577, has reached a different conclusion and apparently the First Circuit has also, State Street Trust Co. v. Hassett, 134 F.2d 156, so that if we are wrong the government is in a favorable position to ask that we be set right.

Affirmed.