UNITED STATES v. ABERDEEN AERIE
NO. 24 OF FRATERNAL ORDER
OF EAGLES.

SAME v. BALLARD AERIE NO. 172 OF
FRATERNAL ORDER OF EAGLES.

No. 10686.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1945.

Samuel A. Powell, of Harrisville, W. Va., for appellant.

Walter Higgins, of New York City, and Robert R. Wilson, of Clarksburg, W. Va. (Royal F. Shepard, of New York City, on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, T. Carroll Sizer, and Helen Goodner, Sp. Assts. to Atty. Gen., J. Charles Dennis, U. S. Atty., and Thomas R. Winter, Sp. Rep. Gen. Coun., Bureau of Int. Rev.; both of Seattle,

Wash., and Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., for appellant.

Cornelius C. Chavelle, of Seattle, Wash. (Chavelle & Chavelle, of Seattle, Wash., of counsel), for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This is an action by two subordinate Aeries· of the Fraternal Order of Eagles for the recovery of taxes assessed by the Government and paid by appellees under the Social Security Act, c. 531, 49 Stat. 620, 42 U.S.C.A. § 301 et seq., and Chapter 9 of the Internal Revenue Code, c. 531, 49 Stat. 636, 639, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq., 1600 et seq.

The essential facts, relating to periods and amounts involved have been stipulated. In the Ballard case, it has also been stipulated and conceded that five individuals whose status is not in issue here were "employees" within the meaning of the Act. Therefore, the issues are narrowed down to the specific questions of interpretation presented with respect to each Aerie.

The ' Aberdeen Aerie paid its taxes under Title VIII of the Social Security Act (Chapter 9, subchapter A of the Internal Revenue Code) ; and the Ballard Aerie paid under Title IX (Chapter 9, subchapter C of the Internal Revenue Code). Title VIII applies to "every employer", while Title IX applies only to every employer who had in his employ at least eight employees on a given number of days during the calendar year. So that, while in the Aberdeen case it was necessary for the appellant to prove merely that the individuals or any one of them was subject to the Act, in the Ballard case (under Title IX) at least three of the individuals in controversy would have to be "employees" in order that, added to the five not in controversy, there would be a minimum of eight.

The District Court found that none of the categories of individuals whose services are in issue were "employees" within the meaning of the Act; that they were not subject to its provisions; and that both subordinate Aeries were entitled to refund of the taxes paid.

The specific question presented in the Aberdeen case is whether the Aerie physician, the president, vice-president, treasurer and trustees were "employees" within the meaning of Title VIII of the Social

Security Act. In the Ballard case, the question presented is whether the Aerie physicians, the treasurer, and a musician performing services for the Aerie, were "employees" within the meaning of Title IX of the Act.

It is interesting to note that, effective January 1, 1940, the Social Security Act was amended to exclude from the term "employment" services performed for any organization exempt from income tax by Section 101 of the Internal Revenue Code, under certain conditions, c. 666, 53 Stat. 1360, 26 U.S.C.A. Int.Rev.Code, § 101; Social Security Act, § 209(b) (10), 42 U.S.C.A. § 409(10). Since fraternal organizations are exempt from income tax under Section 101(3) of the Internal Revenue Code, 53 Stat. 33, such organizations are affected by these amendments. While it may be true that the amendments do not have retroactive effect and cannot reach back to the periods under consideration here, they do now render moot, for the future, the questions we are considering and do reveal the intent of Congress, which was not as clearly presented in the original promulgation of the Act.

Nevertheless, considering the Act without its amendments, we have before us the findings of the District Court that the president, vice-president, treasurer and trustees were ritualistic officers of a fraternal organization and therefore not within the scope of the Social Security Act; that the Aerie physicians are both ritualistic officers and independent contractors and not within the scope of the Act; and that the musician employed by the Ballard Aerie was not subject to the Act because his services "are casual and incidental" "and would be exempt under the provisions of Title VIII, Sec. 811(b) (3) Social Security Act, 1935." With respect to this musician, the District Court did not find that he was a ritualistic officer. Appellee contends that the services rendered by the musician are principally ritualistic and bases its argument upon that contention. Since this was not found as a fact by the District Court that argument will be disregarded and the issue will be decided upon the ground presented in the record.

■ There is ample evidence in the record to substantiate the lower court's finding that the services performed for the respective Aeries by their officers, to wit: the Worthy President, Worthy Vice-President, Worthy Treasurer and Worthy Trustees, are principally ritualistic in nature, and that finding will not be disturbed. The compensation received by each of these officers (in no case more than $1.00 per month, and in some instances as low as 33⅓ cents) was purely nominal and in no way commensurate with the services performed. The District Judge committed no reversible error in classifying this recompense as mere honorariums and not salaries subject to this tax. It is clear that Congress did not intend to protect this type of service, obviously not engaged in for the purpose of procuring a livelihood, by the unemployment compensation provisions of the Act.

■ We will now consider the Aerie physicians, who are elected annually by the Aerie membership and who render professional services to the members, for which they are compensated by the Aerie at the rate of 50 cents per quarter for each member in good standing during the preceding quarter. The Government contends that the physicians are *clearly* employees; appellees contend they are *clearly* independent contractors. We find they are *clearly* neither. By the so-called common-law "test" which determines an employer's liability in tort for the wrong-doings of his employee, it has been customary to weigh the degree of supervision and control exercised by the employer over the work of the employee. Here, the Aerie does exercise some supervision by requiring that the physicians submit reports periodically and maintain regular office hours, and by defining the types of diseases or injuries which the physician may treat. On the other hand, the physicians testified that they pay their own rent and furnish their own equipment and supplies; that the work performed for the Aerie constitutes a comparatively small percentage of the general practice; that members of the Aerie do not have prevailing call upon the physician's time and no preference is given to members; that the Aerie has no jurisdiction, or say, or direction whatever in the way the members are treated; that these members are treated just the same as private patients; that the reports made to the Aerie show the members who become ill and come under the physician's care from time to time—the beginning and termination of their disability—and that these reports apply only to members themselves and not to members of their families; that the reports do not contain any statement

relative to method of treatment or what medicine is prescribed; that the physician can terminate his services at any time.

Weighing all the elements to be considered at common law to determine whether the relationship of master and servant exists, viz.:—the selection and engagement of the servant, the payment of wages, the power of dismissal, and the power of control and supervision of the servant's conduct; and mindful of the purpose of the Act and the intent of Congress in enacting it, we are constrained to affirm the determination of the lower court that the Aerie physicians were not "employees" within the meaning of the Act and were not subject to the tax imposed.

In support of its argument on the question of employer-employee relationship, the Government relies particularly on the case of United States v. Vogue, Inc., 145 F.2d 609, in which the Fourth Circuit held applicable to the Social Security Act the reasoning of the United States Supreme Court in the case of National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170.

Neither the Vogue case, supra, nor any of the other authorities cited by appellant are controlling in the case at bar, for they are as distinguishable on their facts as manual labor is from professional work. In the Vogue case the employees involved were seamstresses who occupied a room in their employer's store and made alterations in garments sold by the store; one of the women even used a sewing machine furnished by the employer; both women not only worked in the store building, but gained access to their working quarters through the store, to which they were not given a key; they generally observed the same working hours as other employees in the store; while they had the right to work for other persons than those who purchased goods from the store, the store collected for such services and paid the seamstresses a percentage of the collections. There can be no comparison between the control exercised or capable of being exercised in that case and the case at bar where the physicians are engaged to perform services which they alone can render because of their learning, their skill and their experience, the manner and method of execution of which the laymen of the Aerie could not attempt to supervise or control.

The case against the Hearst Publications, supra, serves to shatter the illusion fostered in the past that there is some simple, uniform and easily applicable test which the courts have used, in dealing with problems involving the employer-employee relationship, to determine whether persons doing work for others are employees or independent contractors, and expresses the Supreme Court's present view that the term "employee" when used in a statute enacted pursuant to a public policy unknown to the common law, like other provisions of that statute, should be understood with reference to the purpose of the Act under consideration and the facts involved in the economic relationship, and that the applicability of the statute is to be judged rather from the purposes that Congress had in mind than from common law rules worked out for determining tort liability to third persons by an employer for the acts of his servants. The theory of that case has been considered in deciding the case at bar, but the decision there that newsboys selling the wares of the publishers are "employees" within the meaning of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., cannot bind this case, for the facts and circumstances are by no means identical.

There is considerable discussion by both appellant and appellees with respect to whether Section 1101(a)(6) of Title XI of the Social Security Act, 42 U.S.C.A. § 1301 (a)(6), applicable to both Titles VIII and IX of that Act, and Sections 1426(d) and 1607(i) of the Internal Revenue Code should be construed to mean that an officer of a corporation is an employee per se. While that question is not properly before this Court, for the District Court made no such finding, we are inclined to agree with the considered weight of authority that each officer must meet the accepted tests of employer-employee relationship to come within the scope of the Act.

This disposes of all the issues in the Aberdeen case. The only additional question raised by the Ballard case involves the status of the musician who received a compensation of $2.50 per meeting for playing the piano an hour or two each week at initiations and at the opening and closing of each meeting.

The District Court found that the musician is not a ritualistic officer but that "his services are casual and incidental insofar as the fraternity is concerned and would be exempt under the provisions of Title VIII, Sec. 811(b) (3) Social Security Act, 1935." This was erroneous. The Bal-

lard case is before us under Title IX of the Social Security Act, and not Title VIII. During the taxable years under consideration, Title IX did not exclude casual labor from the definition of employment. Nevertheless, the ultimate result of this proceeding remains unaltered for even if the musician were to be included as an employee this would not bring the total number of employees to eight—the minimum required by that Title of the Act to bring an employer within its provisions. Judgment affirmed.