MARKHAM, Alien Property Custodian, v.
KALLIMANIS.

No. 11053.

Circuit Court of Appeals, Ninth Circuit.

Sept. 26, 1945.

Rehearing Denied Oct. 26, 1945.

Charles H. Carr, U. S. Atty., and Ronald Walker and Clyde C. Downing, Asst. U. S. Attys., all of Los Angeles, Cal., for appellant.

Thomas S. Tobin, Frank C. Weller, and Benjamin S. Parks, all of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

Christ Co. Jingas died April 5, 1942. By will he left a specific bequest to a local resident of California and the remainder of his estate to five brothers and sisters, residents of the Kingdom of Greece. Constantinos Kallimanis, executor of the will, was the only heir at law in this country, and he filed in the probate court a petition for determination of heirship.

The Alien Property Custodian filed with the probate court Vesting Order No. 1649, claiming the property in question had vested in the Alien Property Custodian pursuant to the Trading with the Enemy Act.[1]

The Probate Court on the theory that reciprocal rights of inheritance did not then exist between the Kingdom of Greece and the United States because of German occupation of Greece, decided the gifts to the residents of Greece lapsed by virtue of Sections 259 and 259.1 of the California Probate Code[2] and title to the property vested in Constantinos G. Kallimanis in accordance with the laws of succession of California. This decree was entered July 29, 1943. An appeal was taken and at the same time the Alien Property Custodian made a motion to vacate the judgment.

[1] 50 U.S.C.A.Appendix § 17; 28 U.S. C.A. § 41(1).

[2] "§ 259. Aliens residing abroad: Dependence of rights upon reciprocity. The rights of aliens not residing within the United States or its territories to take either real or personal property or the proceeds thereof in this State by succession or testamentary disposition, upon the same terms and conditions as residents and citizens of the United States is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take real and personal property and the proceeds thereof upon the same terms and conditions as residents and citizens of the respective countries of which such aliens are inhabitants and citizens and upon the rights of citizens of the United States to receive by payment to them within the United States or its territories money originating from the estates of persons dying within such foreign countries."

The appeal was later abandoned, and dismissed. The motion was denied. Then, another appeal was taken from the decree determining heirship and the order denying the motion to vacate the judgment. The Supreme Court dismissed the appeal on the grounds that it was not taken in time and held that the order denying the motion to vacate the judgment was not appealable.

Prior to filing the formal findings of fact and judgment in the proceedings in the Supreme Court of California but after the decree determining heirship, the action in which this appeal has been taken was filed in the District Court of the United States, Southern District of California, Central Division, by the Alien Property Custodian to enforce the delivery of the property under the vesting order. In his complaint, the Alien Property Custodian alleged that Sections 259, 259.1 and 259.2 [3] of the California Probate Code contravened the provisions of the Constitution of the United States. The appellee, Constantinos G. Kallimanis moved for summary judgment claiming the issues before the District Court were res judicata as the decision of the Supreme Court of California made the decree determining heirship final.

The lower court found that the Superior Court of California had jurisdiction, that the Alien Property Custodian submitted to that jurisdiction by entering his appearance, by participating as a claimant in the probate of the estate and the determination of heirship, and also found that the decree determining heirship had become final. Summary judgment was entered by the lower court in favor of the appellee.

Notice of appeal to this court was filed December 8, 1944. An extension of time was granted for designation of portions of the record and for filing the record and docketing this appeal. A further extension of time was granted by the District Court to March 7, 1945. Our court granted a further extension to April 6, 1945, and another extension to May 7, 1945. The appeal was docketed May 7, 1945.

On July 13, 1945, the appellee filed Notice of Motion to Dismiss the Appeal for Lack of Prosecution. The motion of dismissal was filed July 18, 1945, and the affidavits supporting the same allege that as late as June 21, 1945, no authority had been given to print the record, and more than sixty days had elapsed since the record was docketed in this court.

Rule 19 of the Rules of the United States Circuit Court of Appeals for the Ninth Circuit provides:

"1. Record shall be printed under the supervision of the clerk of this court. The clerk is charged with the duty of having the printing done at reasonable rates, and he shall, upon the docketing of the cause, cause an estimate to be made of the expense of printing the record and his fee for preparing it for the printer and supervising the printing and shall notify the party docketing the cause of the amount of the estimate, which amount shall be paid within 10 days. If the estimated expense is not paid as provided in this rule it shall be the duty of the clerk to report that fact to the court, whereupon the cause will be dismissed unless good cause to the contrary is shown. * * *"

In this case, the request for authorization to have the record printed was not sent to Washington until June 16, 1945. On July 13, 1945, the designated printer had not received any order to print the record. Under the rules of this court and the rules of civil procedure, this action can be dismissed. Where there is failure to take the necessary steps to perfect an appeal, such failure under the Rules of Civil Procedure is ground for appropriate action in the discretion of the appellate court, including the dismissal of the appeal.[4]

The appellant seeks to justify this extraordinary delay upon the sole argument that there was pending before the Supreme Court of the United States a writ of certiorari in Markham v. Allen, 9 Cir., 147 F. 2d 136, in which the facts, it is claimed, are similar to the present case, and that the same issue is involved.

But a reading of the Allen case will show that there the Alien Property Custodian did not submit to the jurisdiction of

---

[3] By Assembly Bill 2071, California State Legislature, 1945, Sections 259.1 and 259.2 were repealed and Section 259 was amended.

[4] Rule 73 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Moore's Federal Practice, Vol. 3, Section 73.03; United States v. Schlotfeldt, 7 Cir., 123 F.2d 109; O'Brien's Manual of Federal Appellate Procedure, PP 7, page 5, pages 71, 72, 266; Morrow v. Wood, 5 Cir., 126 F.2d 1021; § 740, Vol. 3, American Jurisprudence, Footnote 20.

the California Probate Court, but contested the same, and instituted proceedings in the District Court to secure delivery of the property and to stay proceedings in the state court.

Moreover, this court cannot consider appellant's contention with any favor for practically all legal controversies that reach the Circuit Court of Appeals involve real issues of law and there can always be some speculation as to what action the Supreme Court might take. If the litigation of this court could be held up to await the outcome of a writ of certiorari in another case then before the Supreme Court, one of the purposes for enacting the Rules of Civil Procedure would be circumvented.

The record here shows a long line of extensions and laches, all invoked with the apparent purpose of delaying the trial of issues here. Because of appellant's dilatory prosecution of this appeal, we are constrained to grant the appellee's motion, and therefore it is not necessary to consider the appeal on its merits, or to decide if the final decree of the Superior Court was res judicata as to this suit in the federal courts.

Appeal dismissed.