## UNITED STATES v. GALLAGHER et al.
### No. 11066.

Circuit Court of Appeals, Ninth Circuit.
Oct. 18, 1945.

Rehearing Denied Dec. 3, 1945.

Carl C. Donaugh, U. S. Atty., and J. Robert Patterson, Asst. U. S. Atty., both of Portland, Or., for appellant.

Lawrence T. Harris, of Eugene, Or., and Hampson, Koerner, Young & Swett and James C. Dezendorf, all of Portland, Or., for appellees.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

This was a suit by appellees, J. H. Gallagher, J. Ira McNutt and Earl L. McNutt, against appellant, the United States. Appellees obtained judgment, appellant appealed, and appellees have moved to dismiss the appeal.

The motion is on four grounds. Ground 1 is that the appeal was not properly taken. The appeal was taken by filing a notice of appeal as provided in Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

following section 723c.[1] Appellees say that this was a suit under the Tucker Act,[2] and that therefore a valid appeal could not be taken by filing a notice of appeal as provided in Rule 73(a).

This suit, which appellees call a suit under the Tucker Act, was in fact a suit under § 24(20) of the Judicial Code, 28 U.S. C.A. § 41(20),[3] whereby the district courts of the United States are given original jurisdiction, concurrent with the Court of Claims, of specified claims against the United States. Of these and other claims against the United States, the Court of Claims is given jurisdiction by § 145 of the Judicial Code, 28 U.S.C.A. § 250.[4]

Section 4 of the Tucker Act,[5] 28 U.S.C.A. § 761, provides that the course of procedure for the district courts and the Court of Claims in cases under §§ 24(20) and 145 of the Judicial Code, 28 U.S.C.A. §§ 41(20) and 250, in so far as applicable and not inconsistent with §§ 5, 6, 7 and 10 of the Tucker Act, 28 U.S.C.A. §§ 762–765, "shall be in accordance with the established rules of said respective courts, and of such additions and modifications thereof as said courts may adopt." The only procedural questions here are questions relating to the appeal.

Section 10 of the Tucker Act,[6] 28 U.S. C.A. § 765, provides that, when the judgment is adverse to the Government, the Attorney General shall determine and direct whether an appeal shall be taken or not, and that, when so directed, "the district attorney shall cause an appeal * * * to be perfected in accordance with the terms of the statutes and rules of practice governing the same." Here the judgment was adverse to the Government, the Attorney General determined and directed that an appeal should be taken, and the district attorney caused this appeal to be taken in accordance with the terms of the statutes and the Federal Rules of Civil Procedure.

Rule 1 of the Federal Rules of Civil Procedure declares that "These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81." Cases under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), are cases of a civil nature and are not within any of the exceptions stated in Rule 81. Hence these rules govern the procedure in such cases in so far as applicable and not inconsistent with §§ 5, 6, 7 and 10 of the Tucker Act, 28 U.S.C.A. §§ 762–765.[7]

Rule 73(a) is not inconsistent with §§ 5, 6, 7 and 10 of the Tucker Act, 28 U.S.C.A. §§ 762–765, nor do appellees so contend. Appellees' contention is that Rule 73(a) is inapplicable in cases under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20).

There is no merit in appellees' contention. Rule 73(a) has been applied in many cases under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20). In Carriso v. United States, 9 Cir., 106 F.2d 707; Iron Fireman Mfg. Co. v. United States, 9 Cir., 106 F.2d 831; United States v. Trust No. B.I. 35, 9 Cir., 107 F.2d 22; United States v. Baldy, 9 Cir., 108 F.2d 591; Jackson v. United

---

[1] Rule 73(a) provides: "When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

[2] The Tucker Act, Act of March 3, 1887, c. 359, 24 Stat. 505, contained 16 sections. Sections 1, 2, 3, 8, 9, 11, 12, 13, 14, 15 and 16 of the Act were repealed by § 297 of the Judicial Code, 36 Stat. 1168. In substance, however, §§ 1, 2, 3, 8, 11, 12, 13, 14 and 15 of the Act were reenacted as §§ 24(20), 145, 148, 151, 152, 180, 183 and 186 of the Judicial Code, 28 U.S.C.A. §§ 41(20), 250, 254, 257, 258, 287, 289, 292. Sections 4, 5, 6, 7 and 10 of the Act, 28 U.S.C.A. § 761–765, were not repealed.

[3] Sections 24(20) and 145 of the Judicial Code, 28 U.S.C.A. §§ 41(20), 250, were derived from §§ 1 and 2 of the Tucker Act. See footnote 2.

[4] See footnote 3.

[5] As modified by §§ 24(20) and 145 of the Judicial Code, 28 U.S.C.A. §§ 41(20), 250, and by § 13 of the Act of February 13, 1925, c. 229, 43 Stat. 941.

[6] As modified by § 8 of the Act of February 13, 1925, c. 229, 43 Stat. 940, and by § 1 of the Act of January 31, 1928, c. 14, 45 Stat. 54.

[7] See § 4 of the Tucker Act, 28 U.S. C.A. § 761.

States, 9 Cir., 110 F.2d 574; United States v. Asher, 9 Cir., 111 F.2d 59; United States v. Armature Exchange, 9 Cir., 116 F.2d 969; Stewart v. United States, 9 Cir., 117 F.2d 743; United States v. Hercules Mining Co., 9 Cir., 119 F.2d 288; United States v. Rogers, 9 Cir., 120 F.2d 244; Id., 9 Cir., 122 F.2d 485; Anderson v. United States, 9 Cir., 123 F.2d 13; United States v. J. Leslie Morris Co., 9 Cir., 124 F.2d 371; United States v. Moroloy Bearing Service, 9 Cir., 124 F.2d 373; United States v. Brown, 9 Cir., 134 F.2d 372; Johnson v. United States, 9 Cir., 135 F.2d 125; B. F. Goodrich Co. v. United States, 9 Cir., 135 F.2d 456; United States v. Don Lee, 9 Cir., 136 F.2d 241; United States v. Western Shore Lumber Co., 9 Cir., 136 F.2d 628; United States v. Seattle-First National Bank, 9 Cir., 136 F.2d 676; United States v. Chinook Investment Co., 9 Cir., 136 F.2d 984; Pacific American Fisheries v. United States, 9 Cir., 138 F.2d 464; Guaranty Trust Co. v. United States, 9 Cir., 139 F.2d 69; United States v. Lundstrom, 9 Cir., 139 F.2d 792; United States v. Santa Inez Co., 9 Cir., 145 F.2d 667; Cranson v. United States, 9 Cir., 146 F.2d 871; United States v. Aberdeen Aerie No. 24, 9 Cir., 148 F.2d 655; and Oliver v. United States, 9 Cir., 149 F.2d 727, all of which were cases under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), appeals were taken by filing notices of appeal as provided in Rule 73(a). If Rule 73(a) was inapplicable, the appeals were invalid and should have been dismissed. We did not dismiss any of the appeals, but entertained them all and thus, by implication, held that Rule 73(a) was applicable.

Appellees cite United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058;[8] Mount Tivy Winery v. Lewis, 9 Cir., 134 F.2d 120;[9] and Lynn v. United States, 5 Cir., 110 F.2d 586. These were suits against the United States and others and hence were not suits under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20); for, as the Supreme Court pointed out,[10] suits against the United States and others are not within the jurisdiction conferred by § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20). Therefore the question presented here—the question of the applicability of Rule 73(a) in cases under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20)—could not and did not arise in the Sherwood case, the Lewis case or the Lynn case.

In the Lynn case, however, the Circuit Court of Appeals for the Fifth Circuit expressed the view that the Federal Rules of Civil Procedure are applicable only in actions at law and suits in equity and are, therefore, inapplicable in cases under § 24 (20) of the Judicial Code, 28 U.S.C.A. § 41 (20). The District Court of the United States for the Northern District of California expressed a similar view in its opinion in the Lewis case.[11] We regard these expressions as mere dicta; for, as stated above, the Lynn and Lewis cases were not cases under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20). Whether regarded as dicta or not, the views expressed are inconsistent with Rule 1 (quoted above) and with numerous decisions of this and other courts[12] and are, in our opinion erroneous.

The appeal in this case was properly taken.

Ground 2 of appellees' motion is that the record on appeal was not filed here within the 40-day period prescribed in Rule 73 (g) of the Federal Rules of Civil Proce-

---

[8] Reversing Sherwood v. United States, 2 Cir., 112 F.2d 587.

[9] Affirming judgments of the District Court of the United States for the Northern District of California. The judgments were preceded by an opinion (Mount Tivy Winery v. Lewis, D.C.N.D. Cal., 42 F.Supp. 636), but we did not, in affirming the judgments, affirm or adopt the District Court's opinion.

[10] United States v. Sherwood, supra.

[11] Mount Tivy Winery v. Lewis, D.C. N.D.Cal., 42 F.Supp. 636. See footnote 9.

[12] See Carriso v. United States and other cases, supra, applying Rule 73(a). See, also, United States v. Mitchell, 8 Cir., 104 F.2d 343; United States v.

Borg-Warner Corp., 7 Cir., 108 F.2d 424; United States v. Anderson, 7 Cir., 108 F.2d 475; Smith v. United States, 3 Cir., 121 F.2d 692; United States v. Armature Rewinding Co., 8 Cir., 124 F. 2d 589; United States v. State Street Trust Co., 1 Cir., 124 F.2d 948; United States v. Cheek, 6 Cir., 126 F.2d 1; Katz Underwear Co. v. United States, 3 Cir., 127 F.2d 965; Bethlehem Baking Co. v. United States, 3 Cir., 129 F.2d 490; Busser v. United States, 3 Cir., 130 F.2d 537; Kerr v. United States, 7 Cir., 131 F.2d 450; United States v. Arkwright Mills, 4 Cir., 139 F.2d 454; United States v. Willis, 4 Cir., 141 F.2d 314; and Cohen v. United States, 8 Cir., 142 F.2d 861, applying Rule 52(a). See,

dure[13] or any valid extension thereof. The notice of appeal was dated and filed on March 21, 1945. On April 30, 1945, before the expiration of the 40-day period, the District Court made an order extending the time for filing the record to May 21, 1945. The record was not filed on or before May 21, 1945, nor was there, on or before that date, any further extension of the time for such filing.[14] On May 31, 1945, appellant m:ved for and obtained from a judge of this court an order purporting to extend the time for filing the record to June 16, 1945; but, having been made after the expiration of the period for filing as previously extended, the order of May 31, 1945, was invalid and ineffective.[15] The record was filed here on June 4, 1945—14 days late.

Ground 3 of appellees' motion is that appellant did not comply with Rule 75(a) of the Federal Rules of Civil Procedure.[16]

Ground 4 is that appellant did not comply with Rule 75(d).[17] Appellant did not comply with either rule. It did not serve upon appellees the designation required by Rule 75(a) or the statement required by Rule 75(d) or any designation or statement whatever. The only designation filed by appellant was a so-called "designation of record," which, instead of designating the portions of the record, proceedings and evidence to be contained in the record on appeal, merely designated the portions which appellant desired to have printed. The so-called "designation of record" was filed on May 31, 1945 —71 days after the appeal was taken—and was never served.

■ For appellant's failure to comply with Rules 73(g), 75(a) and 75(d) no excuse is shown. The failure does not affect the validity of the appeal, but is ground for such action as we deem appropriate.[18] The

---

also, Boerner v. United States, 2 Cir., 117 F.2d 387, applying Rule 43(a); United States v. American Packing & Provision Co., 10 Cir., 122 F.2d 445, applying Rule 8(c)(2); United States v. Cunningham, 75 U.S.App.D.C. 95, 125 F.2d 28, applying Rule 15(b); Samara v. United States, 2 Cir., 129 F.2d 594, applying Rules 12(b)(6) and 56(b) Cohen v. United States, 8 Cir., 129 F.2d 733, applying Rules 8(c) and 12(b); Radio City Music Hall Corp. v. United States, 2 Cir., 135 F.2d 715, applying Rules 56(c) and 56(d); M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367, applying Rules 8(e) and 56(c); Wallace v. United States, 2 Cir., 142 F. 2d 240, applying Rules 6(b), 6(c.) and 60(b). All cases cited in this footnote were cases under § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20).

13 Rule 73(g) provides: "The record on appeal * * * shall be filed with the appellate court and the action there docketed within 40 days from the date of the notice of appeal; except that, when more than one appeal is taken from the same judgment to the same appellate court, the district court may prescribe the time for filing and docketing, which in no event shall be less than 40 days from the date of the first notice of appeal. In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the action, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not

extend the time to a day more than 90 days from the date of the first notice of appeal."

14 See Rule 73(g), supra. See, also, our Rule 13, which provides: "For good cause shown, any judge of this court may enlarge the time to file the transcript of record before the expiration of the time fixed by order under Rule 73 of the Federal Rules of Civil Procedure, or valid extensions thereof, the orders of enlargement to be filed with the trial court, and all such orders transmitted as a part of the certified transcript to this court."

15 See Rules 73(g) and 13, supra; Mutual Benefit Health & Accident Ass'n v. Snyder, 6 Cir., 109 F.2d 469; Burke v. Canfield, 72 App.D.C. 127, 111 F.2d 526; In re Gammill, 7 Cir., 129 F.2d 501.

16 Rule 75(a) provides: "Promptly after an appeal to a circuit court of appeals is taken, the appellant shall serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal. Within 10 days thereafter any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included."

17 Rule 75(d) provides: "If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

18 See Rule 73(a), supra.

action we deem appropriate is dismissal of the appeal.[19]

Motion granted and appeal dismissed.

---

[19] Cf. Leimer v. State Mutual Life Assurance Co., 8 Cir., 107 F.2d 1003; Drybrough v. Ware, 6 Cir., 111 F.2d 548; Lopata v. Handler, 10 Cir., 121 F.2d 938; United States v. Schlotfeldt, 7 Cir., 123 F.2d 109; McBee v. United States, 10 Cir., 126 F.2d 238; Morrow v. Wood, 5 Cir., 126 F.2d 1021; In re Gammill, supra; In re Plankinton Bldg. Co., 7 Cir., 133 F.2d 900. See, also, Markham v. Kallimanis, 9 Cir., 151 F.2d 145.