Robert Rowland **HARGRAVES**, Jr., Appellant,

v.

Leslie S. **BOWDEN**, etc., Appellee.

No. 13744.

United States Court of Appeals Ninth Circuit.

Dec. 11, 1954.

Austin Clapp, Bent & Clapp, Los Angeles, Cal., for appellant.

Craig, Weller & Laugharn, William E. Bartley, Frank C. Weller, Hubert F. Laugharn, Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

 A motion to dismiss was filed because appellant failed (1) to file bond on appeal, (2) to file specifications of error, and (3) to designate the points upon which he would rely. The Court indicated the motion would be granted at the hearing on October 14, 1954, but at the insistence of appellant granted him time to file additional authorities, which he did and also rushed into the Clerk's office with a bond, which was filed.

It is true the matter lies in discretion. United States v. Gallagher, 9 Cir., 151 F.2d 556. The attorneys should make an attempt to conform to the rules and not try to improvise new practice. At least, the points at issue on appeal should be defined. Based on a flagrant disregard, the motion to dismiss is granted. Federal Rules Civil Procedure, § 73(c), 28 U.S.C.A.; General Orders Bankruptcy, No. 36, 11 U.S.C.A. following section 53; Rules of Procedure, U. S. Court of Appeals, 9 Cir., Rules 19(6), 20(6); Markham v. Kallimanis, 9 Cir., 151 F.2d 145; see Coursey v. International Harvester Co., 10 Cir., 109 F.2d 774, 777.

However, the merits have been examined so far as the Court was able to discover the error claimed. The Referee in Bankruptcy decided the cause primarily, and his determination was affirmed by the District Judge. No errors in the findings or rules of law are apparent.

Dismissed.