HERMAN ROBERSON AND DORIS B. ROBERSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

ROBERSON MOTOR CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 45406, 70107, 45407.   Filed January 27, 1964.

Herman Roberson, pro se.
*Frederick T. Carney*, for the respondent.

OPINION

Respondent's argument in support of his motions to enter decisions of no deficiencies in these proceedings is primarily that the parties intended to settle petitioners' tax liabilities for the years here involved in the District Court proceedings, that petitioners' offer in settlement was accepted by the Attorney General in behalf of the United States pursuant to section 7122(a), I.R.C. 1954, and when it was filed with the District Court and that court entered judgment in accordance therewith, the judgment of the District Court is res judicata of the

amount of the tax liability of petitioners for the years here involved. The agreed upon amount and the judgment of the District Court having been paid in full, there are now no deficiencies in tax or additions to tax due from petitioners.

Petitioners are apparently attempting to repudiate their settlement agreement and collaterally attack the judgment of the District Court in the hope that this Court, upon trial of the cases, would determine that there is a lesser amount of tax due from them than they paid under the settlement agreement and thus entitle them to a refund of the overpayment.

Were it not for the fact that petitioners claim to have been deprived of their right to have their tax liabilities redetermined by this Court by the proceedings filed by the Government in the District Court to reduce its assessments to judgment, we would have had no hesitancy in granting respondent's motions. However, inasmuch as had the parties gone to trial in the District Court and the District Court had determined the correct amount of petitioners' tax liabilities for those years on the merits, this would have resulted in permitting the Government to choose the forum for redetermination of petitioners' tax liabilities, we took the matter under advisement to assure ourselves that the taxpayers' statutory right to come into this Court for that purpose was not being thwarted without their consent. Upon consideration of the matter, we find such not to be the case.

What happened here was that the parties voluntarily entered into an agreement settling the amount of the taxpayers' tax liability for all of the years here involved, and submitted that agreement to the District Court for approval, in a matter then pending between the parties in that court. We think this settlement agreement is conclusive of the amount of petitioners' tax liabilities for the years here involved, see *Walker* v. *Alamo Foods Co.*, 16 F. 2d 694 (C.A. 5, 1927), certiorari denied 274 U.S. 741 (1927); *Shaw & Truesdell Co.* v. *United States*, 1 F. Supp. 834 (E.D.N.Y. 1932); *Lone Star Brewing Association* v. *United States*, 61 Ct. Cl. 118 (1925); *Seattle-First Nat. Bank* v. *United States*, 44 F. Supp. 603 (E.D. Wash. 1942), affd. 136 F. 2d 676 (C.A. 9, 1943), affd. 321 U.S. 583 (1944), and that nothing could be gained by calendaring these cases for trial on the merits in this Court.

If petitioners claim duress caused them to enter into the settlement agreement they should not have asked the District Court to approve it; or at least should have raised this claim in the District Court. If they claim duress in agreeing to the judgment entered by the District Court, this should have been raised on appeal from that judgment. We will not entertain a collateral attack on the proceedings of the District Court in these proceedings.

The full amount of the agreed upon deficiencies having been paid, there is nothing left for this Court to decide.

There may be some question as to whether this Court should now enter decisions of no deficiencies or simply dismiss the cases. We think that under the circumstances we could do either. This Court acquired jurisdiction of the cases when the petitions were filed herein. There was no bankruptcy proceeding as in *Comas, Inc.*, 23 T.C. 8 (1954); nor was a receiver appointed by the District Court, as in *Leon I. Ross*, 38 T.C. 309 (1962); in both of which cases this Court dismissed the proceedings. We know of nothing that would deprive this Court of jurisdiction in the matter. The fact that the amount of the deficiencies has been conclusively determined would not oust this Court of jurisdiction although it would limit the scope of its authority.

We have no motion to dismiss before us. The motions pending before us request that we enter decisions determining that the deficiencies in income tax and additions to tax due from petitioners have been discharged by the acceptance by the Attorney General of the United States of a sum offered in settlement thereof and by reason thereof there are now no deficiencies in income tax or additions to tax due from petitioners for those years. We continue to have jurisdiction to enter such decisions and such decisions would appear to be proper under the circumstances.

> *Respondent's motions will be granted and decisions will be entered in accordance therewith.*